# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:06-CR-23-TS |
| | ) | |
| MARLYN J. BARNES, | ) | |
| MICHAEL D. ALEXANDER, | ) | |
| THEODIS ARMSTEAD, | ) | |
| HERBERT HIGHTOWER, | ) | |
| VERNELL A. BROWN, and | ) | |
| MELVIN B. TAYLOR, | ) | |

## OPINION AND ORDER

This matter is before the Court on Defendant Vernell A. Brown's Motion for Severance [DE 98], filed on August 21, 2006. Brown contends that, pursuant to Federal Rule of Criminal Procedure 14, he should be tried separately from Co-Defendant Marlyn J. Barnes.

## BACKGROUND

On May 24, 2006, the government filed a four-count Indictment. Count 1 alleges that the Defendants conspired from March 21, 2006, until May 5, 2006, to possess with intent to distribute more than five kilograms of a mixture or substance containing a detectable amount of cocaine. Counts 2, 3 and 4 charge Defendants Barnes, Armstead, and Taylor with possessing a firearm in furtherance of the alleged conspiracy. The Indictment also contains a forfeiture allegation for a 1992 Cadillac, numerous firearms, bullet resistant vests, and ammunition.

On August 21, 2006, Brown filed a Motion for Severance. On October 6, the government responded and the Defendant did not reply.

## DISCUSSION

"The efficiencies involved in trying members of the same conspiracy together has led to a presumption in favor of a joint trial for coconspirators." *United States v. Williams*, 31 F.3d 522, 528 (7th Cir. 1994) (citing *United States v. Lopez*, 6 F.3d 1281, 1285 (7th Cir. 1993)). Brown's attempt to rebut this assumption is governed by Rule 14, which allows a court to order separate trials if consolidation appears to prejudice a defendant. *Id.*; Fed. R. Crim. P. 14(a). Brown contends that he should be tried separately from Barnes because it is imperative to his defense that his counsel be able to cross-examination Barnes. He believes that he can establish, through the testimony of Barnes, that he was not a member of the charged conspiracy. However, since Barnes cannot be forced to testify against himself at a consolidated trial, he would not be able to elicit this testimony unless he is tried separately from Barnes.

To get a severance on the basis that it is needed to take advantage of exculpatory evidence, Brown must show that: (1) Barnes's testimony would be exculpatory; (2) Barnes would in fact testify; and (3) the testimony would bear on Brown's case. *Williams*, 31 F.3d at 528 (citing *United States v. Boykins*, 9 F.3d 1278 (7th Cir. 1993)).

Brown does not establish the first of the three elements necessary to obtain a severance for potentially exculpatory evidence. Brown makes no proffer to the Court about the content of Barnes's expected testimony. He certainly has not provided independent proof that Barnes would provide testimony that exculpates him. *See, e.g., United States v. Studley*, 892 F.2d 518, 525 (7th Cir. 1989) (holding that the mere possibility of a co-defendant's testimony is insufficient grounds for severance and that a defendant must provide some support, such as an affidavit or recorded testimony, that his co-defendant would testify in a manner that would exculpate him); *United States v. Andrus*, 775 F.2d 825, 847(7th Cir. 1985) ("Severance cannot be granted on the

basis of a vague, unsupported assertion that a codefendant would testify favorably in a separate proceeding."). Moreover, there is no evidence in the record that Barnes actually intends to testify, which is the second element of the test.

Brown has not overcome the presumption in favor of joint trials for co-conspirators on the record currently before the Court.

## CONCLUSION

For the foregoing reasons, the Defendant's Motion for Severance [DE 98] is DENIED.

SO ORDERED on October 30, 2006.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION