# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Cause No.: 1:06-CR-23-TS |
| | ) | |
| VERNELL BROWN | ) | |

## OPINION AND ORDER

The Defendant, Vernell Brown, has waived the appointment of counsel and is representing himself in this criminal matter. The Defendant contends that he is being denied his constitutional right of access to the courts because the Allen County Jail, where he is a pretrial detainee, does not have an adequate law library. The Defendant believes that transferring him to the Metropolitan Correctional Facility (MCC) in Chicago, Illinois, will address his concerns. [DE 338 & 341]. The Government has filed a Response to the Defendant's Motion and the Defendant has requested oral argument on the issue of his access to the courts [DE 350]. For the reasons stated in this Opinion and Order, the Defendant's Motions are denied.

## BACKGROUND

During a hearing held on July 11, 2008, the Court allowed the Defendant to represent himself, finding that he had knowingly and voluntarily waived his right to counsel. Nevertheless, the Court ruled that the Defendant's previously appointed counsel would act in a standby capacity.

At the time of his waiver, the Defendant had already pleaded guilty to the charge in the Indictment that he conspired with others to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846, but he had subsequently moved to withdraw his plea of guilty. After arguing,

both in writing and orally to the Court during the July 11 hearing, that his plea should be withdrawn, the Defendant moved for transfer to MCC so that he would have access to legal materials. He argued that the Allen County Jail did not have the materials he sought and did not allow his standby counsel to bring the materials to the Jail. The Court explained that the Jail was not required to have a law library and that his standby counsel could obtain materials for him. The Court also explained that the Bureau of Prison determines the appropriateness of transfers, absent extraordinary circumstances, and that the Court could not order him transferred. For those reasons, the Court denied the Defendant's request for transfer.

On July 17, the Defendant filed a "Notice of Mistake," again requesting that he be transferred to MCC because he claims he is being denied his constitutional right of access to the courts. In support of his argument regarding access, the Defendant cites *Bounds v. Smith*, 430 U.S. 817 (1977), and *Lewis v. Casey*, 518 U.S. 343 (1996). The Defendant argues that the Jail does not allow him to obtain legal materials, and he attaches Inmate Request Forms and a letter from his standby counsel in supports of this argument. The Forms indicate that the Jail responded to the Defendant's request for certain materials by advising that it did not have the Georgetown Law Journal or Black's Law Dictionary. However, the Jail did provide him with requested tables of content for the Federal Rules of Criminal Procedure and the Federal Rules of Appellate Procedure. The letter from counsel did not make any mention of legal materials.

On July 24, the Defendant filed his Request for Law Material or Immediate Transfer to Metropolitan Correctional Center, reiterating his previous arguments and requesting legal materials so he can "prepare adequately for court." (DE 341 at 3.)

On July 29, the Government filed a Response to the Defendant's claims regarding access

2

to the courts. The Government argues that the Defendant has not demonstrated that he is being denied access to the court as that right has been defined by the Supreme Court. Moreover, asserts the Government, because the Defendant is a pretrial detainee who has chosen to represent himself, he does not have a constitutional right of access to a law library or to transfer to a facility with a law library.

On August 5, the Defendant filed a Motion to Present Oral Argument in Response to the Government's Brief. He requests a hearing so that he can address the issues raised in the Government's Response and clarify "issues pertaining to this case." (DE 350.)

## DISCUSSION

The Defendant argues that he cannot adequately prepare for court because the Allen County Jail, where he is being detained, does not have a law library. The primary legal issue that is pending in the Defendant's criminal case, and the one for which he must prepare, is whether the Defendant should be allowed to withdraw his guilty plea. The access-to-court cases cited by the Defendant address the tools that must be provided to allow inmates, who no longer have a right to appointed counsel, to attack their convictions and sentences, directly or collaterally, or to challenge the conditions of their confinement. *See Lewis v. Casey*, 518 U.S. 343, 355 (1996). The Defendant, however, is a pretrial detainee, not a prisoner seeking post-conviction relief. As such, he has access to legal assistance through appointed counsel. But when a person who is offered appointed counsel "chooses instead to represent himself, he does not have a right of access to a law library." *United States v. Byrd*, 208 F.3d 592, 593 (7th Cir. 2000) (citing *United States v. Chapman*, 954 F.2d 1352 (7th Cir. 1992)); *see also Unites States ex rel. George v.*

3

*Lane*, 718 F.2d 226, 227 (7th Cir. 1983) (holding that "when a defendant (pretrial detainee) is offered the assistance of appointed counsel and refuses the same, no constitutional right exists mandating that the prisoner in the alternative be provided access to a law library should he choose to refuse the services of court-appointed counsel"). Thus, the Defendant does have the right to legal help through appointed counsel, but when he declines that help, as the Defendant has done with four different attorneys in this case, "other alternative rights, like access to a law library, do not spring up." *Byrd*, 208 F.3d at 593.

Here, the Defendant has been provided more than is required. After the Defendant refused the assistance of appointed counsel, the Court directed that standby counsel help the Defendant obtain legal materials that were not available at the Jail. Standby counsel indicated that he was willing to and would do this. (Tr. Hr'g July 11, 2008, 49–50) (responding to the Court that he would provide whatever the Defendant desired, if reasonable, using sources such as Lexis Nexis or the Allen County law library). Counsel also stated that the Court was correct in noting that the Jail would allow counsel to provide such materials. The Defendant has not shown that he has made any reasonable requests for materials from standby counsel. The Court reiterates its directive to standby counsel to accommodate any reasonable requests for legal materials. The Court notes that any such requests should be germane to the Defendant's motion to withdraw his plea, as that matter must be decided before any other proceedings take place in this cause.

In addition to not showing that he has made any request for materials from standby counsel, the Defendant has not indicated what materials are necessary to present his argument that he is entitled to withdraw his plea of guilty. During the July 11 hearing, the Defendant

4

himself indicated that he did not believe it would be necessary or helpful to file additional briefing because everything in support of his motion is already in the record. (The basis for his request to set aside his plea is that he entered the plea under duress of life-long imprisonment, and that this duress was created by his previous counsel.) Only after consulting with standby counsel did the Defendant acknowledge that he wanted to respond to the Government's brief. The Defendant, before filing any response, will have a transcript of the hearing as well as the Government's brief.

Moreover, the Defendant's submissions reveal that he must have access to some materials, as he cites Supreme Court cases that he believes support his arguments regarding access to law materials. That these cases were not exactly on point because his position as a pretrial detainee is distinct from that of an inmate serving out a sentence, goes to the fact that he is not a trained lawyer, not his inability to get appropriate materials. (And the Court has already advised the Defendant that he is not well-equipped by way of training or experience to represent himself in this criminal matter.)

Because the Defendant has not established his right to access a law library, his request for transfer lacks an adequate basis. The Defendant's only argument in support of transfer to MCC is that it contains a law library.

Because the matters raised by the Defendant's motion can be resolved on the record before the Court, the Defendant's request for a hearing to respond to the Government's brief and to "clarify" issue is denied.

## CONCLUSION

For the foregoing reasons, the Defendant's Motion for law materials or for immediate transfer [DE 341], and his Motion for hearing [DE 350] are DENIED.

SO ORDERED on August 25, 2008.

s/ Theresa L. Springmann<br>
THERESA L. SPRINGMANN<br>
UNITED STATES DISTRICT COURT