UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CAUSE NO.: 1:06-CR-23-TS |
| | ) | |
| VERNELL BROWN | ) | |

**OPINION AND ORDER**

This matter is before the Court on *pro se* Defendant Vernell Brown's Motion to Recuse Judge From Case [DE 357], filed on August 22, 2008. The Defendant claims that because the Court is biased against him, 28 U.S.C. § 455 requires the undersigned judicial officer to recuse herself from his criminal case.

**A.    Standard of Review**

There is a general presumption that a court acts according to the law and not personal bias or prejudice. *Withrow v. Larkin*, 421 U.S. 35, 47 (1975). But where either the appearance of bias or actual bias of the presiding judge has been shown, recusal is warranted. 28 U.S.C. § 455. The appearance of bias provision, §455(a), requires a federal judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The Seventh Circuit has held:

> Section 455(a) asks whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits. This is an objective inquiry. An objective standard is essential when the question is how things appear to the well-informed, thoughtful observer rather than to a hypersensitive or unduly suspicious person . . . . Trivial risks are endemic, and if they were enough to require disqualification we would have a system of peremptory strikes and judge-shopping, which itself would imperil the perceived ability of the judicial system to decide cases without regard to persons.

*Hook v. McDade* , 89 F.3d 350, 354 (7th Cir. 1996) (citations omitted).

Under subsection (b) of § 455, recusal is warranted where a judge "has personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1).[1] Under this section, the question is whether a reasonable person would be convinced that the judge was biased. *Hook*, 89 F.3d at 355. Disqualification for actual bias or prejudice "is a serious matter" and must be "proved by compelling evidence." *United States v. Balistrieri*, 779 F.2d 1191, 1202 (7th Cir. 1985). "The negative bias or prejudice from which the law of recusal protects a party must be grounded in some personal animus or malice that the judge harbors against him, of a kind that a fair-minded person could not entirely set aside when judging certain persons or causes." *Balistrieri*, 779 F.2d at 1201.

**B.     The Defendant's Arguments for Recusal**

The Defendant argues that he will not receive a fair hearing or a fair trial from the undersigned because: the Court should have designated counsel as standby instead of appointing counsel to represent the Defendant during a June 30, 2008, hearing; the Court should have ruled on his motion to withdraw his guilty plea at the June 30 hearing; the Court treated the Defendant with hostility and "yelled" at him during the June 30 hearing; the Court denied the Defendant's request to listen to the court reporter's audio back-up tapes of the June 30 hearing; the Court met with the probation officer, his attorney, the Government's attorney, and a United States Marshal outside of his presence; the transcript of a July 11 hearing contains inaccuracies; several entries are missing from the docket; and an exhibit was removed from one of his filings. The Defendant labels these wrongs as "judicial misconduct" and claims that they demonstrate the Court's bias

---

[1] Subsection (b) lists other specific instances where disqualification is warranted. 28 § 455(b). None of those are alleged to be applicable here.

and prejudice. (Motion to Recuse ¶ 20, DE 357.) Although the Defendant does not specify which subsection of § 455 he is invoking, his allegations indicates that he believes the Court's actual bias (as opposed to an appearance of bias) warrants recusal. Therefore, the Court will analyze the Defendant's claims under § 455(b).

**C.     Discussion**

The Defendant's main concern seems to be that, on June 30, the Court assigned him counsel when he wanted to represent himself, and that this allowed the Government additional time to respond to his motion to withdraw his guilty plea and delayed the Court's resolution of the motion. It was not until the following hearing, on July 11, that the Court completed its colloquy with the Defendant, determined that he was making a knowing and voluntary waiver of counsel, and allowed the Defendant to proceed *pro se* with the assistance of standby counsel. The Defendant also objects to the manner of the Court's interaction with him during the June 30 hearing. (Motion to Recuse ¶¶ 13, 18, DE 357) (stating that the judge was "yelling" at him and treated him in an "egregious and hostile manner").

The Defendant's argument is that assigning him counsel at the June 30 hearing, instead of allowing him to proceed *pro se*, was improper because the Court had recognized the standby status of counsel during the previous proceeding. Disagreement with a Court's ruling is not grounds for recusal. *Liteky v. United States*, 510 U.S. 540, 555 (1994) (stating that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion"). "[O]nly in the rarest circumstances" can rulings alone "evidence the degree of favoritism or antagonism required." *Id.* Rather, judicial rulings are grounds for appeal, not recusal. *Id.* Additionally,

3

routine efforts at courtroom administration—even if they reflect impatience—cannot sustain a claim of bias. *Keith v. Barnhart*, 473 F.3d 782, 790 (7th Cir. 2007) (citing *Liteky*, 510 U.S. 540 at 555–56). The Supreme Court has stated that "expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display" do not establish bias or partiality. *Liteky*, 510 U.S. at 555–56. "[O]rdinary efforts at courtroom administration—even a stern and short-tempered judge's ordinary efforts at courtroom administration—remain immune" from bias and prejudice attacks. *Id.* at 556.

The course the Court took in responding to the simultaneous requests for counsel to withdraw, for the Defendant to represent himself, and for the Defendant to withdraw his guilty plea were intended to protect the Defendant's rights and ensure a proper record. The Court's comments were directed at gaining the Defendant's understanding that it had not yet determined that he had made a knowing and voluntary waiver of counsel so that he could represent himself—despite the Defendant's contrary understanding. Likewise, the Government is entitled to respond to the Defendant's arguments that he should be allowed to withdraw from the guilty plea that he entered in this cause.[2] Nothing that the Defendant complains of regarding the June 30 hearing demonstrates that the Court is biased or prejudiced against him.

The Defendant's complaints about the Court's ruling regarding listening to the court reporter's audio tapes also falls far short of establishing bias. The Court's ruling does not evidence any antagonism toward the Defendant. Rather, it is a considered and fair

---

[2] In accordance with the deadlines set by the Court, the Government filed its Response to Defendant's Request to Withdraw Guilty Plea on August 25, 2008. The Court granted the Defendant until September 25 to file any reply. After the completion of briefing, the Court will rule on the Defendant's Motion. He will either be allowed to withdraw his plea of guilty and will proceed to trial, or he will be sentenced upon his guilty plea.

4

response—one that makes the allowance for future review of the audio tapes if it becomes necessary. (*See* Order, DE 355.) Audio tapes that merely back up a court reporter's stenographic record are personal property of the court reporter and are not considered part of the judicial record "unless some reason is shown to distrust the accuracy of the stenographic transcript." *Smith v. U.S. Dist. Ct. Officers*, 203 F.3d 440, 442 (7th Cir. 2000). The Defendant does not claim that the transcript is inaccurate, only that it does not depict emotion by way of exclamation marks or otherwise, and thus does not show the Court's purported hostility when addressing him. The Court acknowledged the Defendant's position, stating, "[Y]ou're right to the extent that transcripts simply record words. They don't record emotions. There's no exclamation points. There's no bolding or italics. It's just what is stated on the record. I think you know that." (July 11, 2008, Hrg. Tr. 52–53.) The Court's statements and its ruling on this issue are not compelling evidence of bias.

The fact that the Court met with counsel and probation before the beginning of proceedings also is not evidence, much less "compelling evidence," that the Court harbors some personal animus or malice against the Defendant. The meetings, which are customary for this Court to hold as a courtesy to counsel, did not violate the Defendant's rights. On each occasion, the Defendant's interest were represented by counsel.

The Defendant's other complaints do not involve the Court, or are based on patently wrong statements. Contrary to the Defendant's assertions, there are no missing docket entries or removed exhibits.[3] The allegation regarding transcript inaccuracies does not demonstrate the

---

[3] The Defendant's mistaken beliefs about the docket may stem from his review of documents he received from the Clerk's office. The docket entry of June 24, 2008, indicates that the Defendant requested, and received from the Clerk, file stamped copies of two docket entries, including the entry that he claims is missing an exhibit, DE 328. The docket entry of July 24 indicates that the Clerk sent a copy of the docket to the Defendant per his

Court's bias; the records of proceedings are not kept by the Court, but by a licensed court reporter. The Defendant remains free to challenge, as he has in a written motion [DE 358], any inaccuracy that he believes exists in the transcripts, and to have this Court rule on it.

The Defendant has not presented any evidence to overcome the general presumption that a court acts according to the law and not on the basis of personal bias or prejudice. This Court, in fact, has taken the time to inform the Defendant through a written memorandum that letters he addressed to the Clerk would not result in court rulings, and to direct the Defendant to the applicable Rules of Criminal Procedure to follow if he desired an order from the Court. (*See* Memorandum, DE 356.)

Because the Defendant has not presented any evidence that established that this Court has an inability to render fair judgment, his Motion to Recuse is denied.

---

request. The docket entries that the Defendant identifies as missing record activity that is related to other co-defendants, and not to the Defendant. Thus, if the Clerk provided the Defendant with the docket that included only case activity that related to and concerned him, it would not include those entries that pertain solely to another defendant. The Court assures the Defendant that every docket entry is accounted for and that no exhibits have been "removed" from his filings, including the letter he specifically mentions as Exhibit C to DE 328.

## CONCLUSION

For the foregoing reasons, the Defendant's *pro se* Motion to Recuse Judge From Case [DE 357] is DENIED.

SO ORDERED on September 9, 2008.

                                        s/ Theresa L. Springmann
                                        THERESA L. SPRINGMANN
                                        UNITED STATES DISTRICT COURT