# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:06-CR-23-TS |
| | ) | |
| VERNELL BROWN | ) | |

## OPINION AND ORDER

This matter is before the Court on *pro se* Defendant Vernell Brown's challenge to the accuracy of the transcript of court proceedings that were held in this cause on July 11, 2008. [Motion to Correct Mistranscription of July 11, 2008, Hearing, DE 358.]

**A.    Background**

On July 11, 2008, The Court held a hearing to address two issues: (1) the Defendant's request to represent himself; and (2) the Defendant's motion to withdraw his plea of guilty, which he calls a notice of mistake. A record of the proceeding was kept by a certified court reporter using stenographic means, aided by computerized realtime transcription technology. The reporter also used audio tapes to back up the stenographic record.

The court reporter prepared a transcript of the hearing using the stenographic notes with computer-aided transcription. The transcript included the following certification: "I hereby certify that the foregoing proceedings is [sic] true and correct, as taken down by me, and transcribed to the best of my ability, with the aid of realtime computer-aided transcription." (July 11, 2008, Hr'g Tr. 55.)

The Defendant was provided a copy of the official transcript. On August 22, he moved to correct the transcript, identifying four places that he believes the transcript does not accurately

identify what occurred at the hearing. First, he claims that the transcript erroneously reports that he asked his counsel to bring him a plea agreement, when he actually stated that he did not ask his counsel to bring him a plea agreement. (Motion to Correct ¶ 2, DE 358) citing July 11, 2008, Hr'g Tr. 33)). Second, he asserts that the Court told him that it was "entirely" his choice whether to give the Government a chance to raise any objection, but that the transcript does not show this. (Motion to Correct ¶ 3, DE 358.) The Defendant does not cite any particular page of the transcript for this claim or state the subject matter of the objection that the Court purportedly left to his discretion. Third, the Defendant claims that he reserved his objection to the Government filing any brief in response to his Notice of Mistake, but the transcript does not show this reservation. (Motion to Correct ¶ 4, DE 358.) The Defendant's final challenge to the transcript is that "[t]he government stated they didn't have anything to brief and that they would have to look over that days [sic] transcript. The transcript transcribed." (Motion to Correct ¶ 5, DE 358 (citing July 11, 2008, Hr'g Tr. 41.)) The Court assumes, by this statement, that the Defendant believes that the Government said it did not have anything to brief instead of what is recorded: that the Government did not have any evidence to present, but wanted to brief the issue after reviewing the transcript from that day.

**B.     Discussion**

Title 28 U.S.C. § 753(b), the Court Reporter Act, mandates the procedures to be followed by court reporters in official court proceedings. The means used to record verbatim the July 11 proceeding was in compliance with the statute and related regulations. *See* 28 U.S.C. § 753(b). Likewise, the transcript was prepared and certified pursuant to § 753(b). Therefore, the transcript

2

"shall be deemed prima facie a correct statement of the testimony taken and proceedings had." 28 U.S.C. § 753(b).

**1.** *Briefing*

The Defendant has not made a showing sufficient to distrust the accuracy of the transcripts or to upset the prima facie correctness of the reporter's transcripts with regard to the Court's and the parties' discussion of briefing. As accurately stated in the transcript, both the Government and the Defendant were given an opportunity to file briefs on the issue of withdrawing the plea. Although the Government stated that it did not have any evidence to present at the hearing, it clearly asked to receive a copy of the transcript and to be allowed thirty days to respond to the Defendant's arguments for withdrawal. The transcript also shows that the Defendant objected to allowing the Government to file any brief. The Defendant further stated that it was not necessary or helpful for him to file any brief himself because everything to support his motion was already in the record. The Court stated that the Defendant would have the option to file a response brief but would not be required to if he still believed it was unnecessary after receiving the Government's brief.

There is no indication that the Defendant's recollection of these events is more accurate than the verbatim transcript. The Defendant's argument reveal some of his misunderstanding about what transpired. He claims that the Court left it up to him whether to allow the Government to object. It does not make sense that the Court would allow the question of whether the Government should be allowed to respond to be answered by the Defendant. The only matter the Court left up to the Defendant was whether to respond to the Government's brief with his

own brief. Neither does it make sense, either in the regular practice of law or in the context of the July 11 proceeding, that the Government would state it "didn't have anything to brief," particularly in light of its stated position that governing law did not support the Defendant's motion to withdraw his plea. Consistent with the burden of proof being on the Defendant, the Government only stated that it did not have any evidence to present and would brief the issues after receiving a transcript. The Defendant then objected to allowing the Government to brief the issue. He complains that the reporter did not record that he also reserved his objection, but the record clearly includes his objection and there is no basis to believe that he (unnecessarily) reiterated it. Indeed, the undersigned officer's recollection of the interchange on these issues comports with the transcript.

2. *Correction on Page 33*

The Court finds merit in the Defendant's only challenge that involves a specific, understandable miswording. He contends that page 33 of the transcript incorrectly states that he asked his counsel for a plea, when, in fact, he stated that he did not ask counsel for a plea. The transcript states, "I *then asked* Mr. Gray to bring me a plea of guilty or the Government's plea bargain, but Mr. Gray done it on his own request." (July 11, 2008, Hr'g Tr. 33, lines 17–19) (emphasis added). The italicized words in that sentence should be replaced with the "didn't ask," so that the sentence reads, "I *didn't ask* Mr. Gray to bring me a plea of guilty or the Government's plea bargain, but Mr. Gray done it on his own request." This modification makes sense in the context of the sentence as well as in the context of the Defendant's other statements in the proceedings. It is also consistent with the audio tapes used to back up the reporter's

4

stenographic record. This change has been noted in the Court Reporter's Notice of Correction of the Transcript, filed on August 29, 2008. (Notice of Correction, DE 363.)

**ORDER**

For the foregoing reasons, the Defendant's Motion to Correct Mistranscription of July 11, 2008, Hearing [DE 358] is DENIED IN PART and RENDERED MOOT IN PART.

SO ORDERED on September 9, 2008.

                                       s/ Theresa L. Springmann
                                       THERESA L. SPRINGMANN
                                       UNITED STATES DISTRICT COURT