# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cause No.: 1:06-CR-23-TS |
| | ) | |
| VERNELL BROWN | ) | |

## OPINION AND ORDER

During the sentencing of Defendant Vernell Brown on October 9, 2008, the Court advised the Defendant that various issues he continued to raise did not pertain to sentencing and had already been raised and therefore preserved in the record for any appeal rights that he may have.[1] The Government, intending to hold the Defendant to the appeal waiver contained in his Plea Agreement, asked the Court to accept the Plea Agreement. The Court noted, and the Government agreed, that the Plea Agreement did not contain any terms that bind the Court, such as those specified in Rule 11(c)(1)(A) or (C). Nonetheless, the Court conditionally accepted the Plea Agreement and indicated that a written order would follow to conclusively address the Government's oral request.

After imposing sentence, the Court advised the Defendant pursuant to Federal Rule of Criminal Procedure 32(j)(1) that he could appeal his conviction if he believed that his guilty plea was somehow unlawful or involuntary, or if there was some other fundamental defect in the proceedings that was not waived by his guilty plea. The Court informed the Defendant that he has a statutory right to appeal his sentence under certain circumstances, particularly if he contends the sentence is contrary to law, but that he waived those rights as part of his Plea

---

[1] The fact that one has preserved an issue for any appeal purposes is distinct from the right to appeal that issue. The Court discussed the Defendant's right to appeal, as impacted by his plea agreement, later in the sentencing.

Agreement, specifically his right to appeal the sentence itself on any ground and his right to contest the sentence or the manner in which it was determined in post-conviction proceedings. The Court advised that such waivers are generally enforceable, but that if the Defendant believed the waiver was unenforceable, he could present that theory to the appellate court.

In any event, the terms of the Plea Agreement, including the provision regarding waiver of appeal rights, are binding on the Government and the Defendant as the parties to the contract and will be construed accordingly. *See United States v. Lezine*, 166 F.3d 895, 901 (7th Cir. 1999) (plea agreements are contracts). Although the Court retained discretion at all times to accept or reject any of the non-binding recommendations the Government made pursuant to the Plea Agreement (such as the recommendation regarding acceptance of responsibility), it did not have the authority to put any more force behind those terms by accepting the Plea Agreement itself. Likewise, none of the Court's comments had the effect of diminishing or voiding any of the Plea Agreement terms.

Because the Plea Agreement is not the kind that requires the Court's acceptance or rejection, and because the Court has already ruled that the Plaintiff knowingly and voluntarily entered a guilty plea in this cause, the Court finds that the oral motion for the Court to accept the Plea Agreement, and the Court's conditional grant of that motion, has been RENDERED MOOT.

SO ORDERED on October 9, 2008.

                                         s/ Theresa L. Springmann
                                         THERESA L. SPRINGMANN
                                         UNITED STATES DISTRICT COURT